# Commonwealth of Pennsylvania *v.* John H. Barge, Appellant.

*Practice, Q. S.—Formal defect on face of indictment—Motion to quash—Demurrer.*

Defendant having pleaded guilty to a charge of embezzlement of county taxes, the count following the language of the act of 1885, moved in arrest of judgment because the count did not specify the amount alleged to have been embezzled nor the amount collected from any particular person. *Held,* that if the count were defective, which is not admitted by the court, the defect is formal, apparent on the face of the indictment, and should have been taken advantage of by demurrer or motion to quash before jury sworn.

*Criminal law—Sentences limited by the act—Simple imprisonment in county jail.*

A court in imposing sentence is limited to the punishment prescribed by the terms of the violated statute. The Act of June 3, 1885, P. L. 72, provides for a sentence not exceeding five years; the act of 1895 limits simple imprisonment to the county jail; hence, a sentence for a crime under the act of 1885 must be to the county jail and not to the penitentiary.

*Appeals—Reversal of sentence—Conviction.*

An erroneous sentence will be reversed without affecting a trial and conviction and sent back for another sentence.

Argued April 20, 1899.   Appeal, No. 216, April T., 1899, by defendant, from sentence of Q. S. Fayette Co., Dec. Sess., 1898, No. 29, on verdict of guilty.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Reversed.   Opinion by BEEBER, J.   SMITH, J., dissents.

Indictment for embezzlement as a tax collector.   Before MESTREZAT, P. J.

It appears from the record that in the first count the defendant was charged with embezzling state, county, school and borough taxes to an amount of about $5,000.   In the second count he was charged with having embezzled county taxes, in the third count with school taxes, and in the fourth count borough and municipal taxes, there being no specific amount named in either of the last three counts.   December 7, 1898, the grand jury returned a true bill as to all the counts.

December 9, 1898, the defendant entered a plea of guilty to the second count, in that he had collected county taxes, and paid over a portion of the same to the borough treasurer instead of to the county treasurer, in violation of the act of assembly. Upon the same day an agreement was signed by counsel for the prosecution and the defendant that in consideration of a motion in arrest of judgment no advantage was to be taken by counsel for defendant because of the form of the plea entered, but that said motion should be heard and considered by the court as though an unqualified plea of guilty had been entered to the second count. December 14, 1898, a motion in arrest of judgment was filed, said motion being overruled by the court March 6, 1899. March 18, 1899, the court sentenced the defendant to pay a fine of six cents to the commonwealth and costs of prosecution, and to undergo an imprisonment in the Western Penitentiary for a period of two years. Defendant appealed.

*Errors assigned* were (1) in overruling and dismissing the motion in arrest of judgment. (2) In sentencing defendant as follows : " March 18, 1899, the court sentenced the defendant John H. Barge to pay a fine of six cents to the commonwealth, pay the costs of prosecution and undergo an imprisonment in the Western Penitentiary, situate in the city and county of Allegheny for and during a period of two years, there to be kept, fed, clothed and treated as the law directs and stand committed until sentence is complied with."

*D. M. Hertzog*, with him *James R. Cray* and *D. W. McDonald*, for appellant.—An allegation of a specific sum embezzled might be sustained by proof of a less sum, but where it is of divers sums from divers persons, and an aggregate sum, all in a single count, the indictment will be quashed: Com. v. Koons, 1 Kulp, 134.

Offenses which are a part of the same transaction may be joined in the same indictment when it is triable in the quarter sessions, even though one of said offenses be a felony. This, however, does not justify the joining of separate offenses in one count: Hutchison v. Com., 82 Pa. 472.

The indictment must not be duplicitous, and it is improper

to charge the defendant with several offenses in the same count, even where the several offenses are each embezzlement: 7 Ency. of Plead. and Prac. 446.

The property alleged to have been embezzled must be described, and the language· used should be sufficiently definite to identify the property, and show that it was such as may be the subject of embezzlement: 7 Ency. of Plead. and Prac. 424.

The general rule is that the indictment should describe the property embezzled with the same particularity as is required in an indictment for larceny: 7 Ency. of Plead.· and Prac. 425.

An indictment against a tax collector for the embezzlement of public· funds, in failing to make return and forward the tax money in his hands from time to time to the proper authorities, as provided by law, must allege some particular sum or amount ·as to which the offense is charged, but it is sufficient to allege that it is " about " a named sum, and it is not necessary to prove the precise sum specified: Britton v. State, 77 Ala. 202.

The second count in the indictment, being that upon which the defendant was sentenced, not alleging the embezzlement of any specific sum of money, no offense is charged; this is a defect apparent on the face of the record and may be pleaded in arrest of judgment.

Assignments in arrest of judgment are founded upon and arise from intrinsic causes or defects apparent on the face of the record: Com. v. Armstrong, 4 Pa. C. C. 5; Com. v. Duff, 7 Pa. Superior Ct. 415; Canal Co. v. Com., 60 Pa. 367.

All the questions raised by the demurrers and the motion to quash, and the discussion could have been as fully raised, and more effectually for the defendants, upon a motion in arrest of judgment after trial upon the merits: Com. v. Quay, 7 Dist. Rep. 723.·

*Geo. B. Jeffries* and *Ira E. Partridge,* district attorney, with them *A. D. Boyd,* for appellee.—Our statute relating to criminal prosecutions provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime: Act of March 31, 1860, sec. 11.

In support of the motion in arrest of judgment on said plea, counsel for defendant urge two principal reasons: (1) duplic-

ity in charging more than one offense in a single count, and
(2) indefiniteness and uncertainty, in that the amount embez-
zled is not set forth specifically.   In opposition to this, counsel
for the commonwealth claim that neither count in said indict-
ment is bad for duplicity; that the second count, to which
defendant entered his plea of guilty, is good, without the exact
amount embezzled being specifically set forth therein; and fur-
.ther, admitting for the sake of argument that either the defect
of duplicity or that of indebtedness, as alleged by defendant's
counsel, does exist, the defect is merely formal and must be
taken advantage of on motion to quash, failing which, it cannot
avail on motion in arrest of judgment.

OPINION BY BEEBER, J., July 28, 1899:

The first, third and fourth counts need not be considered,
as the defendant did not plead guilty to any one of them, nor
was any trial and conviction had upon them.  Whether these
counts are good or bad is immaterial, for if there was one count
good and sufficient to support the conviction and judgment the
others need not be considered: Com. v. McKisson, 8 S. &
R. 420; Hazen v. Com., 23 Pa. 355; Hutchison v. Com., 82
Pa. 472.

The second count charged the defendant with having collected
county taxes of a certain borough " to the amount of $
and did then and there " fraudulently convert and appropriate
a part thereof to his own use and fail to pay over the same or
a part thereof to the person legally authorized to demand and
receive the same.   The count is almost literally in the language
of the 1st section of the Act of June 3, 1885, P. L. 72.   To
this count the defendant pleaded guilty.   Five days afterwards
he moved in arrest of judgment because the count did not
specify the amount alleged to have been embezzled, nor the
amount collected from any particular person, which motion was
overruled.

The view we take of this case does not require us to decide
whether or not this count comes under the well recognized ex-
ception that counts for embezzlement by public officers need not
have the same particularity in describing the funds embezzled
or the persons from whom and the times at which the money
was received as is required in similar counts against private

persons. The 11th section of the Act of March 31, 1860, P. L.
427, after providing that indictments charging crimes substan-
tially in the language of the acts prohibiting the crime shall be
deemed good in law declares: "Every objection to any indict-
ment for any formal defect, apparent on the face thereof, shall
be taken by demurrer, or on motion to quash such indictment,
before the jury shall be sworn and not afterward; and every
court, before whom any such objection shall be taken for any-
formal defect, may, if it be thought necessary, cause the indict-
ment to be forthwith amended in such particular, by the clerk
or other officer of the court, and thereupon the trial shall pro-
ceed as if no such defect appeared." This section has abolished
the refined technicalities that at one time prevailed to delay and
prevent the trial of criminal cases. All formal defects, appar-
ent on the face of the indictment, must now be taken advan-
tage of by demurrer or motion to quash, and that before the
jury is sworn. The commonwealth must have a chance to cor-
rect or amend where the defect is formal or apparent. The de-
fendant can no longer take the chances of a trial, and, if that
goes against him, have the judgment arrested for such appar-
ent defects. It is the policy of the law to facilitate the trial of
cases upon the merits and formal defects in the pleadings will
no longer obstruct it: Com. v. Frey, 50 Pa. 245; Rough v.
Com., 78 Pa. 495; Gorman v. Com., 124 Pa. 536; Com. v.
Williams, 149 Pa. 54. This rule is rigorously applied even
where the indictment is defective because of duplicity, which
was one ground of objection to this indictment: Kilrow v.
Com., 89 Pa. 480.

These decisions sustain the learned court below in refusing
to arrest the judgment after the plea of guilty to the second
count was entered, for in this respect the plea of guilty must
be considered the same as a verdict of guilty under the same
count. If this count was defective, which we by no means
admit, it was an apparent defect. The defendant must be pre-
sumed to have seen it before he pleaded to it. If he had any
reason to object because the count did not state what amount
of taxes he had collected, or had embezzled, or from whom
and when they were received, it was his duty to do so before
the jury was sworn. Had the court below then decided that
the count was defective because it did not state, in the blank

space evidently left for that purpose, the amount of taxes collected, the commonwealth could have amended by filling the blank with the proper amount. See Rough v. Com., supra. As he failed to raise that question then we must hold that it was too late to do it afterwards. The first assignment is overruled.

The second and third assignments raise the question whether the learned court below erred in sentencing defendant to imprisonment in the Western Penitentiary in Allegheny county "there to be kept, fed, clothed and treated as the law directs and stand committed until sentence is complied with." The rule is clear that the court, in imposing sentence, is limited to the punishment prescribed by the terms of the violated statute. It cannot go beyond the statute's express terms: Kræmer v. Com., 3 Binn. 577; Scott v. Com., 6 S. & R. 224. So rigidly is this rule applied that even where the court has the power to sentence a prisoner, either to a penitentiary or to a county jail, the former, by the laws creating and regulating it, imposing hard labor upon all prisoners confined in it, and the latter not, it cannot confine him in the latter at hard labor. If this is to be a part of the sentence he must be sent to the penitentiary: Daniels v. Com., 7 Pa. 371. The act of June 3, 1885, of the violation of which this defendant pleaded guilty, provides that he "shall be sentenced to an imprisonment not exceeding five years, or to pay a fine not exceeding five thousand dollars, or both at the discretion of the court." The Act of June 26, 1895, P. L. 374, provides that all persons sentenced to simple imprisonment for any period of time shall be confined in the county jail where the conviction shall take place. It is clear from these two statutes and from the rules controlling courts in imposing sentences that the learned judge erred when he sentenced defendant to the Western Penitentiary in Allegheny county, "there to be kept, fed, clothed and treated as the law directs." In the absence of any special law, and none has been called to our attention, there was no power to confine the prisoner in the Western Penitentiary nor to impose upon him the treatment involved in the phrase "there to be kept, fed, clothed and treated as the law directs." What would be involved in that phrase can be seen by a reference to the Act of April 23, 1829, P. L. 341. This error, however, does not

require anything further than a reversal of the sentence which
will have no effect on the trial and conviction. The case will
be sent back for another sentence.

It is therefore ordered that the sentence of the court of
quarter sessions in this case be reversed, and that the record be
remitted to said court, with an order of procedendo, to proceed,
and sentence the prisoner afresh, in due order and according
to law.

SMITH, J., dissents.