## Commonwealth *v.* Shoener, Appellant.

*Criminal law—Bill of particulars—Discretion of court.*

An application for a bill of particulars is an appeal to the sound discretion of the court. The defendant is not entitled to it as of right, and an assignment of error relating to a refusal to order a bill of particulars will only be regarded when it appears that the action of the court below involves an abuse of discretion.

When the defendant has had ample time after the finding of the indict-

ment and before the trial to demand a bill of particulars, the court commits no error in refusing to grant such demand at the trial.

*Appeals—Assignments of error—Demurrer.*

An assignment of error to the action of the court in overruling a demurrer to an indictment should indicate the grounds upon which the demurrer is based.

*Criminal law—Indictment—Different offenses.*

It cannot be objected in érror, or on demurrer, ór in arrest of judgment, that two or more offenses of the same nature on which the same or similar judgments may be given are contained in different counts of the same indictment.

*Criminal law—Embezzlement—Clerk of courts.*

Where the clerk of court admits in his official return that he has received certain moneys which he holds for judicial determination, and subsequently it is decided by the Supreme Court that the clerk has no right to the moneys, the clerk may be convicted of embezzlement, if after the termination of the civil suit he fails to pay over the moneys to the county treasurer. In the criminal prosecution he cannot set up as a defense the question of law adjudicated in the civil proceeding.

*Public officers—County controller—Right to require payment of public moneys.*

Under the Act of June 27, 1895, P. L. 403, the county controller in counties containing 150,000 inhabitants and over, is the proper official to require other officials to pày over moneys in their hands to the county, and if such officials when so required by the controller, fail to pay over the moneys, they may be convicted of embezzlement.

*Criminal law—Evidence—Declarations of defendant.*

It is not error in the trial of a criminal case to exclude declarations of the prisoner to his counsel, made long after the indictment was found, and in the absence of any representative of the commonwealth.

*Criminal law—Practice—Informality of indictment.*

A mere informality in an indictment can only be taken advantage of by demurrer or motion to quash.

*Criminal law—Embezzlement—Public funds—Sentence.*

Where a clerk of courts is convicted of embezzling public moneys, the court may impose a sentence of imprisonment and a money fine which may be the amount embezzled, but it cannot sentence him to pay over to the county all moneys embezzled, less such amounts as he may have already paid over. If such an erroneous sentence has been imposed, the appellate court will reverse it, and send the casȩ back for another sentence, but will not reverse the conviction.

Argued April 12, 1904.   Appeal, No. 47, Oct. T., 1904, by defendant, from judgment of Q. S. Schuylkill Co., March T., 1903, No. 175, on verdict of guilty in case of Commonwealth v. John T.

Shoener.    Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed as to the sentence.

Indictment for embezzlement.    Before MARR, J.

At the trial defendant's counsel made the following motion:

Mr. Reilly:  I will make a motion.    Counsel for defendant, in view of the fact that the indictment under which the defendant is about to be tried contains three separate and distinct offenses, alleged in the indictment to have been committed at three separate and distinct times, setting forth the dates and the years in which the said separate offenses were committed,—the defendant cannot be called upon to answer them in the same indictment, and the court having refused the defendant's petition for a bill of particulars, now asks the district attorney to make election as to what counts under the indictment he will call upon the defendant to answer in this trial.

. Mr. Berger:  The district attorney declines to elect.    The position of the commonwealth is that this embezzlement occurred during his incumbency as clerk of courts, commencing on the first Monday of January, 1900, and that the offenses are properly charged in the bill.

The Court:  The motion is overruled under the objection of the district attorney, and as the indictment sets forth that the four offenses that were committed for each year are in accordance with the provisions of the Act of Assembly of March 31, 1860, P. L. 382, and we think it is proper that the indictment should contain each one of those offenses as charged, either jointly or separately, as is done in this case.    We therefore sustain the district attorney's objection. [4]

Mr. Kaercher:  Our offer now is for the list of license applications for the license years 1901, 1902 and 1903, as produced on call by the clerk of courts.

Mr. Reilly :  The offer as to the records for the year 1901 is objected to as incompetent, because barred by the statute of limitations, and is therefore incompetent, immaterial and irrelevant.

The Court:  I have looked carefully over this act of 1878, and find that it amends the act of 1860, known as Criminal Code, the 116th, 117th, 118th and 119th sections, in the first

place, and that in each one of those sections, where, in the act of 1860, the words " municipal or quasi-municipal corporation " are left out, those words are added in the act of 1878 in the amending of each one of the sections that I have referred to ; showing that the intention of the legislature was to extend the act of 1878 so as to embrace not only the officers that are mentioned under those sections in the act of 1860, but to embrace another class of officers, and those were the officers of municipal and quasi-municipal corporations.   Then follows section 6, which is the section in controversy here, as to the statute of limitations, and which has been quoted on both sides, and it seems to me that the language there is clear, that it embraces the officers of a municipal and quasi-municipal corporation.   I cannot agree with counsel asserting that the words " quasi-municipal corporation " are words of narrowing the sense there to simply words that intended to embrace municipal corporations of every character.   Quasi-municipal corporations are those which have been frequently referred to, for instance by the Supreme Court, as our school districts, as quasi-municipal corporations ; and after giving the question considerable thought and examination, I feel that section 6 of the act of 1878 embraces the officers of a municipal corporation, and then the question arises, is the county a municipal corporation such as would be designated there ?   I cannot come to the conclusion that it is not included in the term " municipal corporations."   I think it is a general term.   I can see no reason why a city or a county shall not be embraced in that term, and we therefore will overrule the objection, admit the evidence, and seal a bill for defendant.

Defendant excepts.   Bill sealed. [5]

The county controller was asked these questions :

" Q. Tell us whether you made demand on John T. Shoener, clerk of courts, for the payment by him of this money into the county treasury, and if you have the notice that you served on him, please produce it.   A. Yes, sir.   Q. Let us have it."

(Paper produced by witness.)

(Mr. Kaercher calls for the original letter.)

Mr. Reilly : We object to this as immaterial and irrelevant, because he is not the proper official to make demand.   The in-

dictment charges a failure to pay over upon demand of the county treasurer, who was the proper party to make demand for the same, and a demand by any other official, who is not the proper, legal, authorized person, is immaterial and irrelevant. The language of the indictment in every one of these counts is—I think it is uniform, if I recollect right—" And did fail to pay over the same when thereunto legally required by the county of Schuylkill, through its duly authorized agents, to the treasurer of the county of Schuylkill, he being the proper officer authorized to demand and receive the same." That is the allegation in the indictment. The controller, might, perhaps, have a right, under the controller's act, to demand the settlement or return under the act of 1876, or under the controller's act of 1895, but according to the commonwealth's own showing, there can be no such question here, because they have themselves proved already that the clerk of courts has made these returns monthly, in regular form, upon blanks prescribed by him and sworn to.

Mr. Berger : Our answer to that proposition is that the controller is a fiscal agent of the county, and that it would be mere surplusage at best if it were so described in the bill of indictment or any one of its counts that the treasurer was the proper officer authorized to demand and receive the same. Our position is that the county controller is one of the legal officers to make the demand. We propose also to follow this offer with the case stated in this case, which shows that suit was brought against this defendant, and this also for the purpose of showing demand on the part of the county of Schuylkill.

The Court: Section 4 of the controller's act, amongst other things, makes it the duty of the county controller to immediately upon the discovery of any default or delinquency upon the part of any public officer or any county officer, to report the same to the commissioners and to the court of common pleas of the county ; and also to take immediate steps to secure the public moneys and property. The notice to the clerk, the defendant in this case, by the county controller, calls his attention to the fact that he has not made settlement to the county treasurer and that he is asked to do so at once—not a demand on the part of the controller to pay any money to him, the controller, but demanding the defendant to make settlement with the county

treasurer, and we think it was clearly within his duty to make a demand of that kind, and we will admit the evidence.

Defendant excepts.   Bill sealed. [6]

Mr. Scarlet: We have a motion to make, but preliminary to that counsel for defendant moves to strike out all testimony relating to moneys received in the years 1900 and 1901, for the reason that any act committed by the defendant during that time was barred by the statute of limitations; and for the further reason that the acts sought to be invoked for an extension of the time for prosecution for an offense which might have been committed in those years is an unconstitutional act, to wit: the act of 1878, it being an amendment to the act of 1860, as so stated in its title, and in plain conflict with the provisions of the constitution, that where there is an amendment to an act of assembly it can only be amended by setting out that portion of the act to which it is amendatory or supplemental; and the act of 1878 does not comply with that provision of the constitution, and is therefore unconstitutional; and further, in that, as my colleague suggests, it introduces new legislation that is not disclosed by its title.

The Court: We think we will overrule your motion.

Defendant excepts.   Bill sealed. [7]

The court charged, inter alia, as follows:

[Now the county treasurer is a " proper officer authorized to demand and receive the same," but you must bear in mind that he is not the only proper officer.] [10]

[There has been considerable discussion of a demand in reference to this.   I would say to you that I know of no higher demand for payment, under these acts of assembly, than that the county commissioners authorized a suit to be brought against a man for neglecting to pay over money which the county commissioners claim that he has in his charge, and which he has not paid over.   It is a demand by law, and I call your attention to that.] [11]

Defendant presented these points:

3. That it is incumbent on the commonwealth to make out, beyond reasonable doubt, all the essential elements of the offense of embezzlement as alleged in the indictment—to wit: that the defendant received and collected money—to wit:

$18,000, which rightfully belonged to the county of Schuylkill, and which he collected for it; that a demand was made upon him by the treasurer of Schuylkill county to pay over to him for the said county the said sum of $18,000, and that he refused so to do, and converted it to his own use, and that if any of these elements of proof are wanting, to wit: if no demand was made by the treasurer, the jury must acquit. *Answer :* It is incumbent on the commonwealth to make out beyond reasonable doubt all the essential elements of the offense charged, but if the jury believe the defendant received $18,000, as shown by his sworn returns, belonging to the county, and that a demand was made upon him by the county controller, or the county commissioners, or in any way, for the payment of the same, and he failed or neglected to pay over the same, or any part of the same, or became a defaulter, he can be convicted; but we decline to say that the treasurer must make a demand, as he is only the custodian of the public moneys. [12]

4. That if the defendant received this money for expenses under the license act of 1897 and retained the same, believing it was paid him for such expenses and that he had a lawful right thereto, and that it was not paid to him for the county, then there was no intention to unlawfully, wilfully and corruptly appropriate the same, and the retention of the same until the rights of the parties thereto might judicially be determined by the court, was not a criminal intent, and if such criminal intent be wanting the jury must acquit; and if there be any doubt arising from all the evidence, of the defendant's intent to commit the crime of embezzlement, the jury must acquit. *Answer :* We decline to affirm this point, for the reason that it asks us to say what the intent of the defendant was in not paying over the money, and to direct a verdict for the defendant; and we say to you that the court of last resort has decided that the fee of $5.00, which the act of 1897 requires, is a fee of the office, and, like all other fees, belongs to the county, and it became the duty of the defendant, having waited for a judicial determination, upon receipt of the same, to pay over the money into the county treasury immediately, as it was his duty to do under the law under which he held office, which makes it incumbent on him to pay over all moneys received by him into the county treasury on the first Monday of each and every month succeeding. [13]

Verdict of guilty. The court imposed the following sentence:

March 7, 1904, defendant John T. Shoener is herewith sentenced on counts 8 and 12 of the indictment under which he was found guilty, and he is directed to pay the costs of prosecution; pay a fine equal to the amount of money embezzled, and pay over to the county of Schuylkill all moneys embezzled, less such amounts as he may have already paid over, and undergo imprisonment in the Schulykill county jail, at separate or solitary confinement at labor, for a period of three years, and stand committed until the sentence of the court is complied with. [15]

*Errors assigned* were (1) in overruling request for bill of particulars; (2) in overruling motion to quash; (3) in overruling demurrer; (4) in overruling motion to require commonwealth to elect; (5–7) rulings on evidence, quoting the bill of exceptions; (8) in overruling motion to direct verdict for defendant; (10–13) above instructions, quoting them; (15) the sentence of the court.

*James B. Reilly* and *James Scarlet*, with them *Joseph W. Moyer* and *Wm. Wilhelm*, for appellant.—An indictment can be found only upon information previously made and duly returned, or by direction of the court, or upon presentment of the grand-jury, and as the indictment in this case, except as to the first four counts relating to the year 1900, is not based upon either of these grounds, appellant contends that all subsequent counts therein, relating to the years 1901 and 1902 cannot be sustained, aside from the further objection as stated in the demurrer, that it joins three separate and distinct offenses alleged to have been committed at different times, and is therefore bad on the ground of duplicity: Com. v. Brown, 12 Pa. Dist. Rep. 316; Com. v. Haas, 57 Pa. 443.

Where a man acts in good faith upon a mistaken view of his legal rights, and not from wantonness or evil intent, or in the honest execution of a supposed duty, his acts will be excused. And an honest misapprehension of the ownership of property, it has been held, will excuse larceny: Turner v. Com., 86 Pa. 54; Watson v. Com., 95 Pa. 418; Com. v. Rud-

dle, 142 Pa. 144 ; Com. v. Harris, 168 Pa. 619 ; Com. v. Zuern, 16 Pa. Superior Ct. 588.

So when the court assumes to impose sentence and judgment of a fine and a liability to pay, it must be fixed and determined, and the record must so show : Rauch v. Com., 78 Pa. 490.

*C. E. Berger*, district attorney, with him *Samuel H. & D. W. Kaercher, John F. Whalen,* and *C. A. Snyder*, for appellee. —An application for a bill of particulars is an appeal to the sound discretion of the court : Com. v. Powell, 23 Pa. Superior Ct. 370 ; Com. v. Buscieri, 153 Pa. 535 ; Com. v. Johnston, 19 Pa. Superior Ct. 241.

Third specification of error should be dismissed because it is improperly assigned.

It is well settled that it cannot be objected to in error, or on demurrer, or in arrest of judgment, that two or more offenses of the some nature on which the same or similar judgment may be given are contained in different counts of the same indictment : Com. v. Gillespie, 7 S. & R. 469 ; Com. v. Birdsall, 69 Pa. 482 ; Com. v. Stahl, 1 Pa. Superior Ct. 496 ; Staeger v. Com., 103 Pa. 469 ; Com. v. Rockafellow, 3 Pa. Superior Ct. 588 ; Com. v. Liebtreu, 1 Pears. 107.

The controller was the proper officer to make the demand : Hutchison v. Com., 82 Pa. 472.

There was a criminal intent : Schuylkill County v. Shoener, 205 Pa. 592 ; Weston v. Com., 111 Pa. 251 ; Com. v. Holstine, 132 Pa. 357 ; Com. v. Weiss, 139 Pa. 247.

OPINION BY PORTER, J., July 28, 1904 :

The appellant was duly elected and qualified as clerk of courts of the county of Schuylkill, and served as such from the first Monday of January, 1900, to the first Monday of January, 1903. He was indicted under the provisions of the 65th section of the Act of March 31, 1860, P. L. 382, relating to embezzlement by state, county, township or municipal officers. The indictment contained thirteen counts, each count respectively charging the defendant with one of the acts which under the statute constituted the offense. The jury found a verdict of guilty as to

the fourth, eighth and twelfth counts, and as to the other counts the defendant was acquitted. The fourth count charged the defendant with having, on January 7, 1901, by virtue of his office, received, collected and taken into his possession " certain public moneys for fees on liquor license applications to a large amount, to wit, five thousand three hundred and eighty dollars, lawful money of the United States, for and in the name and on account of the county of Schuylkill, and having so collected, received and taken into his possession for safe-keeping and transfer, as aforesaid, did fail to pay over the same, when thereunto legally required by the county of Schuylkill or its legally authorized officers, to the treasurer of the county of Schuylkill, he being the proper officer authorized to demand and receive the same." The eighth count charged the commission of a like offense in the same language on January 6, 1902, the amount of money which the defendant failed to pay over in this instance being alleged to be $6,565. The twelfth count used the same language in charging a like offense to have been committed on January 5, 1903, the amount of money involved in this transaction being alleged to be $6,300. These several sums of money which the defendant was charged with having unlawfully withheld from the county treasury were the amounts which he had received as fees on liquor license applications during the month of December in. the years 1900, 1901 and 1902 respectively, and which it was his duty to -pay into the treasury of the county on the first Monday of the following month. The indictment was found on November 14, 1903. The learned judge of the court below declined to sentence the defendant on the fourth count. The defendant was sentenced on the eighth and twelfth counts of the indictment, " to pay the costs of prosecution ; pay a fine equal to the amount of money embezzled, and pay over to the county of Schuylkill all moneys embezzled, less such amounts as he may already have paid over, and undergo an imprisonment in the Schuylkill county jail, at separate or solitary confinement at hard labor, for a period of three years."

The indictment was found on November 14, 1903, the defendant had ample time to ascertain whether it fully informed him as to the offense with which he was charged, and it was incumbent upon him to move with reasonable promptness if he

desired additional information.    He did nothing until the case
was called for trial, but then demanded a bill of particulars,
which the court refused to order the commonwealth to furnish.
An application for a bill of particulars is an appeal to the sound
discretion of the court; the defendant is not entitled to it as of
right, and an assignment of error relating to a refusal to order
a bill of particulars will only be regarded when it appears that
the action of the court below involves an abuse of discretion :
Commonwealth v. Buccieri, 153 Pa. 535 ; Commonwealth v.
Zuern, 16 Pa. Superior Ct. 588; Commonwealth v. Johnston,
19 Pa. Superior Ct. 241 ; Commonwealth v. Powell, 23 Pa.
Superior Ct. 370.    The first specification of error is dismissed.

The defendant moved to quash the indictment upon the
ground that the indictment alleged the money withheld from
the county treasury to be "fees on liquor license applications,
which under the act of July 30, 1897, were paid for expenses
connected with the several applications, and therefore no such
offense as is contemplated by the act of assembly set forth in
the indictment; " and because "under the act of July 30, 1897,
under which said moneys were received the defendant was
lawfully entitled and required to collect and receive the same."
This was an attempt to raise a question of law, which upon an
appeal by this same defendant in a civil action had already been
determined against his contention by the court of last resort:
Schuylkill County v. Shoener, 205 Pa. 592; the defendant
may not have been satisfied with the decision of the Supreme
Court but he had no right to ask the court of quarter sessions
to reverse it.    The second specification of error is without
merit.

The third specification of error is irregular.    "Third. The
court erred in overruling the demurrer filed by the defendant
to the indictment (see appendix, page 19)."    Referring to page
nineteen of the appendix, we find there printed the motion to
quash, followed by a running conversation between court and
counsel, in which counsel for defendant asks for time in which
to prepare a demurrer, and then without waiting for the court's
reply suggests that anticipating the court would overrule the de-
murrer, if the court would let the record show they had filed
the demurrer it would answer their purpose.    The court there-
upon said : "We will consider the demurrer filed before the

the jury is impaneled and sworn." Whereupon counsel for
the defendant said: " The reasons will be substantially, per-
haps, a little more elaborately set forth in the demurrer than
they were in the motion to quash." The report of further con-
versation between court and counsel extends over two printed
pages following, but the only additional grounds of demurrer
stated were that the indictment was defective " because of du-
plicity," the ground for this objection being that " this indict-
ment contains thirteen counts, and it undertakes to charge this
defendant with the misappropriation of moneys received by him
as a public official for three different years." This is all that ap-
pears in the record to which we have been referred. This assign-
ment might be quashed: Cessna's Estate, 192 Pa. 114. When
the record is returned to the court below, nothing will remain
in this court to indicate the grounds upon which this demurrer
was based; those grounds ought to have been made to appear
in the assignment of error. The same objection is made to
the indictment under other assignments of error, and might as
well be disposed.of here. This complaint against the indict-
ment was not attempted to be sustained upon the ground that
any one count of the indictment charged more than one distinct
offense or more than one defendant. The objection is, not that
two offenses are blended in the same count, but that the indict-
ment contains separate and distinct counts charging separate
and distinct offenses; that the defendant is charged in three
different counts with failing to pay over the money received
as fees on license applications in three different years. The
indictment contained three series of counts, each series relat-
ing to the fees on liquor license applications in one of the
three years of defendant's incumbency of office. The separate
counts in each series charged as distinct offenses an act des-
ignated by the statute as constituting the offense; any one of
said acts constitutes the crime, but when all concur they make
but one complete offense: Commonwealth v. Mentzer, 162 Pa.
646. The indictment did therefore charge this defendant with
having on three separate occasions violated the same statute,
the offenses charged being misdemeanors. " It is well settled
that it cannot be objected in error, or on demurrer or in ar-
rest of judgment that two or more offenses of the same nature
on which the same or similar judgments may be given are con-

tained in different counts of the same indictment: " Common-
wealth v. Gouger, 21 Pa. Superior Ct. 217 ; Commonwealth v.
Gillespie, 7 S. & R. 469 ; Henwood v. Commonwealth, 52 Pa.
424.    The third specification of error is overruled.

The argument on behalf of the appellant that the information
upon which the prosecution was based did not apply to and cover
the accounts of the appellant for the years 1901 and 1902 is not
well founded.    The information charged in proper form that the
defendant had failed to pay over the fees received by him for filing
applications for liquor licenses and for transfers of liquor licenses,
and sundry other fees, all amounting to the sum of $5,000 and up-
wards.    The amount unlawfully withheld by the defendant
was stated to be over $5,000.    While the charge would have
been sustained by proof of embezzlement of less than $5,000,
the commonwealth was not limited to that amount in its proofs.
The testimony necessary to a conviction upon each and every
count of the indictment would have been material and compe-
tent in the investigation of the charge against the defendant
stated in the information.    The evidence as to the fees on li-
cense applications received by the defendant in the years 1902
and 1903 would have been admissible at the investigation of
the charge stated in the information, and it was competent and
material in a trial upon the eighth and twelfth counts of the
indictment.    The evidence as to the course pursued by the de-
fendant with regard to the fees received upon applications for
licenses in 1901 was competent and material, as showing how
the defendant had dealt with the same subject-matter during
his term of office.    This testimony would have been competent
if the trial had been strictly limited to the eighth and twelfth
counts of the indictment, for the following reasons : The de-
fendant had in his monthly returns to the county controller
stated that he had received a certain amount of money as fees
for license applications during the month of December, 1900,
and that he held this money subject to judicial determination,
which statement was carried through all his subsequent monthly
returns down to January, 1903.    This money ought under the
law to have been paid into the county treasury on the first
Monday of January, 1901.    The county, on November 20, 1901,
brought an action against the defendant for the recovery of
the money, which in his return he had admitted that he had

received.   The defendant and the representatives of the county agreed upon a case stated, the contention being that under the provisions of the Act of July 30, 1897, P. L. 464, he, the defendant, had a right to retain the fees which he had received on applications for license to sell liquor, he, the defendant, paying all expenses for services rendered, advertisements, etc., incidental thereto, and "had the right to retain the balance as his special fee in addition to his salary under the act of 1876 and its provisions."   The court of common pleas entered judgment in favor of the county and against the defendant upon the case stated in the sum of $5,380, on December 22, 1902.   The defendant appealed and, on May 4, 1903, the judgment of the court of common pleas was affirmed by the Supreme Court.   The defendant in January, 1902, admitted in his official return that he had received a certain sum of money as fees upon applications for license to sell liquor, and again stated that he held this for judicial determination and this statement was repeated in all his subsequent monthly returns.   Again the defendant in January, 1903, made the same return as to the amount which he had received as fees upon license applications during the month of December, 1902. His official returns and his declarations had all the time been that he was holding these various sums of money subject to judicial determination.   He paid none of them when the question was decided by the court of common pleas, he paid none of them when that judgment was affirmed by the Supreme Court of the state; he never has paid any of them.   This case was tried in the court below on January 4, 1904, and the defendant again set up his right to hold this money, under the provisions of the act of 1897, making it the basis of his motion to quash the indictment.   He, through his counsel, insisted that he was retaining this money under a bona fide claim of right, and he comes into this court upon appeal and practically asserts that because he has peculiar views of the law he should be permitted to go free.   We have it deliberately stated that one of the questions involved in this case is: "Whether an adverse decision of the Supreme Court on a civil liability, converts what was believed to be an honest right on the part of an officer into a crime."   The decision of the Supreme Court did not change the law, the money in question never had be-

longed to the defendant, from the time it touched his fingers it was the property of the county of Schuylkill. The ownership of that money was a question of law; if the defendant made a mistake with regard thereto, his mistake was one of law and would not relieve him from responsibility. The defendant had declared in his official returns that he held the license fees for 1901 and 1902 subject to judicial determination, the assertion of that claim was a fact which came into the case through those official returns, and the defendant was there in court asserting his freedom from responsibility because he had retained money in good faith, awaiting a judicial determination. It would therefore have been proper for the commonwealth upon a trial on any one count of this indictment to show that the defendant had in dealing with this same subject-matter asserted the right to withhold money from the public treasury for the same reason, and that then when the question was judicially determined by the court of last resort he had still failed to pay over. This would have been competent evidence upon the trial on any one of the counts of this indictment, for the purpose of showing that the defendant's declaration that he was holding the money subject to judicial determination was not made in good faith. The defense was not embarrassed or deprived of any right because of the refusal of the court to require the district attorney to elect upon which counts of the indictment the commonwealth would proceed to trial: Commonwealth v. Gillespie, 7 S. & R. 469; Harman v. Commonwealth, 12 S. & R. 68; Henwood v. Commonwealth, 52 Pa. 424. The fourth, fifth and seventh assignments of error are not well founded.

That the county of Schuylkill was, during the defendant's term of office, subject to the provisions of the Act of June 27, 1895, P. L. 403, creating the office of county controller in counties containing 150,000 inhabitants and over, is conceded upon all hands. The commonwealth offered in evidence a written demand which the county controller had, on December 30, 1902, served upon the defendant, requiring the latter to pay all license fees then in his possession to the county treasurer, on or before December 31, 1902, and notifying him that in case of his failure to comply with this demand, the controller would institute proceedings both civil and criminal

against him.   The defendant objected to the admission of this evidence upon the ground that the controller was not the proper official to make the demand required by the statute. The admission of the paper in evidence is the subject of the sixth specification of error.   Whether the controller was an officer authorized to require the defendant to pay over the money, under the provisions of the statute, is the only question of any merit raised by the request of the defendant that the court direct a verdict of not guilty, the refusal of which is the foundation of the eighth specification of error.   These specifications must stand or fall together.   The burden was upon the commonwealth to prove that the defendant had by virtue of his office received public money and that he did " fail to pay over the same when thereunto legally required by the county treasurer, or other proper officer or person authorized to demand and receive the same."   This is the language of the act of 1860 under which the defendant was convicted.   The statute did not make the criminal liability of a defaulting officer dependent upon a demand by the county treasurer.   The language is broad enough to cover any form of county organization then in existence or which might afterwards be created, under which one or more officers or persons are legally vested with authority to require an officer to pay over the public money when the occasion arises.   The property in such moneys is in the county.   The county necessarily acts through officers or agents whose duties and authority are defined by statutes. If the money is not the property of the county, or if the time when it should be paid over has not arrived, he cannot be legally required to pay over.   When he has received the money and the time has arrived when it should be paid over he may be legally required to pay it over by any officer who is by law vested with authority to demand that he shall do so.   He must be legally liable, and required to pay, by an officer or person upon whom the law has imposed that duty or conferred that authority. The fourth section of the Act of June 27, 1895, P. L. 403, enacts : " The said controller shall have a general supervision and control of the fiscal affairs of the county and of the accounts and official acts of all officers or other persons who shall collect, receive or distribute public moneys of the county, or who shall be charged with the management or custody thereof, and he

may at any time require from any of them in writing, an account of all moneys or property which may have come into their control, and he shall immediately on discovery of any default or delinquency report the same to the commissioners and the court of common pleas of the county and shall take immediate measures to secure the public moneys or property, and remove the delinquent party if in office and not removed by the commissioners." This clearly makes it the duty of the controller to require all officers who receive public money, of the county, to pay over the same at the time and in the manner pointed out by the law. He must, immediately upon the discovery of a delinquency, take measures to secure the public moneys or property. He not only has authority, but with regard to the disposition of the public moneys, the law imposes upon him the duty to avail himself of every legal remedy to enforce the payment of the money due to the public treasury. The county treasurer is the mere custodian of the money, when it has been determined that there is an amount due from an officer the treasurer may demand it, but it is in the first instance the duty of the controller to ascertain the amount to be paid and he unquestionably is authorized to demand that it be paid to the treasurer, or to the other officer designated by law to receive it. The sixth and eighth specifications of error are dismissed, and the tenth, eleventh and twelfth which involve the same questions must be disposed of in like manner.

There was no error in the exclusion of the evidence of the declarations of the defendant to his counsel, made long after the indictment was found, and in the absence of any representative of the commonwealth, and the ninth specification of error is dismissed. The case was fairly submitted to the jury, and the allegation that the court gave undue prominence to the evidence for the commonwealth and minimized and belittled the case of the defendant is not well founded. It is not necessary to discuss the effect of the sixth section of the Act of June 12, 1878, P. L. 196, upon the limitation of time within which prosecutions against county officers must be commenced. The defendant was not sentenced on any count of the indictment in which that question was involved.

The complaint that the counts in the indictment upon which the defendant was found guilty were informal, in that they

charged that the defendant had failed to pay over the money, " when thereunto legally required by the county of Schuylkill, or its legally authorized officers, to the treasurer of the county of Schuylkill, he being the proper officer authorized to demand and receive the same," comes too late. The defect, if there was one, was purely formal, and could only have been taken advantage of by demurrer or motion to quash : Commonwealth v. Barge, 11 Pa. Superior Ct. 164. The language used clearly indicated that duly authorized officers had legally required the defendant to pay over the public money; it could not reasonably be construed to mean anything else. If officers who were duly authorized to do so legally required the defendant to pay over, the demands of the statute were met.

The fifteenth specification of error must be sustained. There was but a single sentence imposed, although the judgment referred to two counts of the indictment. When the several penalties which attach to different counts of an indictment are to be cumulated, separate sentences must be imposed on each count. If there is one count in an indictment which will sustain the sentence, the judgment will not be reversed : Commonwealth v. Church, 17 Pa. Superior Ct. 39 ; Commonwealth v. Bradley, 16 Pa. Superior Ct. 561 ; Hazen v. Commonwealth, 23 Pa. 355 ; Harman v. Commonwealth, 12 S. & R. 68 ; Henwood v. Commonwealth, 52 Pa. 424. The sentence of imprisonment for the period of three years can be sustained under either the eighth or twelfth counts, but the remainder of the sentence is erroneous. The court had authority to impose a fine equal to the amount of the money embezzled, but it had no authority to delegate its power to the sheriff or any officer. The statute did not warrant the imposition of a fine in such a manner as to leave the amount thereof to be determined by any matter outside the record, the fine must be for a definite sum, the legislative intention manifestly was that it should be equal to the amount embezzled, but that amount must be determined from the record and by the court in its sentence. It must of course be conceded that if the fine imposed is less than the amount embezzled the defendant would not be injured by the variance. The limit of a single fine which the court had authority to impose in this case was $6,565, the amount which the defendant was found to have embezzled under the conviction

upon the eighth count. The court had no jurisdiction to sentence the defendant to pay over to the county of Schuylkill all moneys embezzled, less such amounts as he may already have paid over; the county must collect its money in another tribunal. The court in imposing the sentence was limited to the punishment prescribed by the terms of the violated statute: Krœmer v. Commonwealth, 3 Binn. 577; Scott v. Commonwealth, 6 S. & R. 224; Commonwealth v. Barge, supra. The error however does not require anything further than the reversal of sentence which will have no effect on the trial and conviction. The case will be sent back for another sentence.

It is ordered that the sentence of the court of quarter sessions in this case be reversed; and that the record be remitted to said court with a procedendo to proceed and sentence the prisoner afresh in due order and according to law; and it is ordered that the defendant appear in the court of quarter sessions of Schuylkill county and abide the further order of said court.