# Commonwealth *v.* Cohen, Appellant.

*Habeas corpus—Summary conviction—Magistrate's record.*

Where a person has been committed on a summary conviction
before a magistrate, defects in the magistrate's record are imma-
terial and will not be considered on a hearing in habeas corpus
proceedings.

*Criminal law — Summary conviction — Discharge on parol —
Sentence—Words and phrases—"Modify"—Appeals—Procedendo—
Resentence.*

Where a person has been sentenced to imprisonment for six
months on a summary conviction before a magistrate, and over one
month thereafter the prisoner is discharged on probation for one
year, the Court of Quarter Sessions has no jurisdiction, one month
after the last order was made, to commit the prisoner to prison "to
serve the balance of the period of probation," inasmuch as such
sentence would operate to make the prisoner serve an imprison-
ment of over ten months when she was originally only committed
for six months by the magistrate. The imposition of such a sen-
tence creates a new thing, viz: an additional term of imprisonment,
and is not a modification of the commitment within the meaning
of the 19th Section of the Act of June 2, 1871, P. L. 1301, which
gives to the Quarter Sessions in habeas corpus proceedings the
power to "either discharge the individual, modify or confirm the
commitment."

In such a case the appellate court in reversing the order of the
Quarter Sessions will do so with a procedendo and with a direction
to the court below to recommit the prisoner to six months im-
prisonment, or any part thereof that had not been performed at
the time the appeal was made a supersedeas.

Argued March 15, 1916.    Appeal, No. 383, Oct. T.,
1915, by defendant, from order of Q. S. Philadelphia
Co., June T., 1915, No. 2, committing defendant to im-
prisonment in case of Commonwealth v. Minnie Cohen.

582    COMMONWEALTH *v.* COHEN, Appellant.

Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Summary conviction and order of commitment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of July 19, 1915, quoted in the opinion of the Superior Court.

*William T. Connor,* with him *John R. K. Scott,* for appellant.—The conviction before the magistrate cannot be sustained: Com. v. Nesbet, 34 Pa. 398; Com. v. Borden, 61 Pa. 272; Com. v. Gelbert, 170 Pa. 426; Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Cannon, 32 Pa. Superior Ct. 78; Newcastle v. Genkinger, 37 Pa. Superior Ct. 21; Com. v. Divoskein, 49 Pa. Superior Ct. 614; Com. v. Moller, 50 Pa. Superior Ct. 366.

The court below was without authority to increase the sentence imposed by the magistrate.

*Joseph H. Taulane,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.— On habeas corpus from a summary conviction defects in the magistrate's record cannot be taken advantage of: Com., ex rel., v. Superintendent of House of Correction, 22 Pa. Dist. 92; Com. v. Supt. House of Correction, 19 Pa. Dist. 1054.

The court had authority to increase the sentence imposed by the magistrate.

OPINION BY WILLIAMS, J., July 18, 1916:

Appellant, after a hearing on May 8, 1915, before Magistrate CARSON, was convicted of being disorderly by street walking and sentenced to six months imprisonment in the house of correction.  A writ of habeas. corpus was allowed by the Court of Quarter Sessions and after a hearing on June 18, 1915, before BECHTEL, J., the prisoner was discharged on parol for one year.  On

July 19, 1915, the court, without giving the appellant a
hearing, made the following order: "And now, July 19,
1915, it appearing to the court that defendant placed on
probation June 30, 1915, has been arrested on a similar
offense.   It is hereby ordered that order of June 30, 1915,
be revoked and defendant committed to the house of cor-
rection to serve the balance of the period of probation."
On Sept. 1, 1915, appellant having been brought before
the court on a bench warrant, she was committed in
open court to serve the balance of the term of parol
in the house of correction, in compliance with the order
of July 19, 1915.

The first contention of the appellant is that the Court
of Quarter Sessions should have discharged the prisoner
because the record of the magistrate's hearing was not
sufficient to sustain a summary conviction.   The magis-
trate's transcript is not printed in the appellant's paper
book and there is nothing in the record to show that it
was irregular.   The commitment of the prisoner does
not constitute the whole record of proceedings before a
magistrate.   An objection to the magistrate's record
might well have been taken on certiorari, but since in
habeas corpus proceedings the Court of Quarter Ses-
sions enters upon a rehearing of the evidence under Sec-
tion 13, Act of June 2, 1871, P. L. 1301, formal defects in
the magistrate's record become immaterial, as the case
is there reheard on its merits and the prisoner held or
discharged on the evidence, not the magistrate's record.

The second contention of the appellant is that the
Court of Quarter Sessions in releasing on parol for
one year and in subsequently committing the appellant
to the house of correction for the balance of her term of
probation, exceeded its authority.   Such sentence would
operate to make the appellant serve over ten months in
the house of correction, when she was originally only
committed for six months by the magistrate.

The 13th Section of the Act of June 2, 1871, P. L. 1301,
conferring jurisdiction on the court, provides as follows:

"Any person committed to the said house of correction, employment and reformation, by any other authority than the Court of Quarter Sessions of the peace of the City and County of Philadelphia, may apply for a writ of habeas corpus to any judge of the said court, and upon return thereof, if such judge shall deem there is sufficient or reasonable ground for granting the same, he shall enter upon a rehearing of the evidence, and either discharge the individual, modify or confirm the commitment."

In a similar use of the word "modify" in State v. Tucker, 36 Or. 291, 51 L. R. A. 246, it was defined as follows: " 'Modify' means to change or vary, to qualify or reduce"; and the "power given to modify......implies a subject-matter to be modified......When exercised to modify, it does not destroy identity, but effects some change or qualification in form or qualities, power or duties, purposes or objects, of the subject-matter to be modified, without touching the mode of creation. The word implies no power to create or bring into existence, but only the power to change or vary in some particular an already created or legally existing thing." It would follow that the court in the present case had not modified, but had created a new thing, viz, an additional term of imprisonment.

Moreover, the discharge of the prisoner in the habeas corpus proceedings was not in the exercise of the power to suspend sentence under the Act of June 19, 1911, P. L. 1055, for the prisoner had already been sentenced. It was made under the authority of the Act of June 19, 1911, P. L. 1059, which provides as follows: "The judges of the Courts of Quarter Sessions and the Courts of Oyer and Terminer of the several judicial districts of the Commonwealth are authorized after due inquiry, to release on parole any convict confined in the county jail or workhouse of their respective districts, and place him or her in charge of and under the supervision of a designated probation officer; and shall have power to recommit to

jail or workhouse, on cause shown by such probation officer that such convict has violated his or her parole, and to reparole if, in the judgment of the said judge, there is a reasonable probability that the convict will be benefited by again according liberty to such convict; and also to again recommit for violation of such parole. This power shall not extend beyond the limit of the sentence which shall have been first imposed on the prisoner."

The manner of exercising the powers conferred by this act is left to the discretion of the court after due inquiry into the circumstances and conditions of the case. It is plain, however, that in committing to imprisonment under the act, the court is limited to the sentence first imposed on the prisoner and in the present case, the first sentence was for six months in the House of Correction by the magistrate. The court was clearly in error in imposing the sentence appealed from, but it is our practice to reverse such sentence without affecting the trial and conviction: Com. v. Barge, 11 Pa. Superior Ct. 164; Com. v. Shoener, 25 Pa. Superior Ct. 526; Com. v. Lewis, 29 Pa. Superior Ct. 282.

It is ordered that the order of the Court of Quarter Sessions be reversed; and the record be remitted to that court with a procedendo, and that defendant, appellant, appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence imposed by Magistrate CARSON, viz, six months in the House of Correction, or any part thereof that has not been performed at the time this appeal was made a supersedeas.