## Crawford & Moyes *v.* R. F. McKinney, Appellant.

[Marked to be reported.]

*Practice, Supreme Court—Assignments of error.*

A refusal to order a compulsory nonsuit is not assignable for error.

An assignment of error specifying that the court erred " in refusing defendant's second and third points," both of which are recited therein, offends against rule XXII in that it embraces " more than one point," and is therefore a waiver of both alleged errors.

An assignment of error which fails to quote the point, or the court's answer thereto, but in lieu thereof quotes a garbled extract from a sentence of the answer, violates rule XXIII.

*Contract—Building contract—Entire and severable.*

Where a building contract provides that the whole building shall be constructed for a certain sum, and that a specified sum shall be paid upon the completion of the foundation walls, a second specified sum when the roof is on, a third sum when the plastering is completed, and the balance when the house is completed, such payments are distinct and separate, and they can be sued for as they mature.

*Contract—Building contract—Question for jury.*

Where a building contract provides that no sum shall be due thereon unless all work done and materials furnished shall be in strict compliance with the plans and specifications, and to the satisfaction of the owner, it

is not improper to leave to the jury to determine whether the contract has been substantially complied with, and what deductions, if any, shall be allowed, where the evidence is conflicting.

Argued Nov. 5, 1894. Appeal, No. 76, Oct. T., 1894, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1892, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on building contract. Before KENNEDY, P. J.

At the trial it appeared that plaintiffs agreed to build a dwelling house for defendant for the sum of $2,218. Payments were to be made as follows: $200 when the foundation walls were completed, $600 when the roof was on and $700 when the plastering was done, and the balance after the house was completed in accordance with the terms of the contract, and accepted by the defendant. It was also agreed that "all deductions by reason of improper labor done or inferior materials used" should be made from the final payment, and that "no sum shall be due to or collectible by" plaintiffs, under the terms of the contract, unless all work done and materials furnished were done and furnished in strict compliance with the plans and specifications, and to the satisfaction of the owner. This action was brought to recover the installment of $600 due and payable when the roof was on. This suit was begun May 28, 1892, at which time, it is admitted, the roof was completed. The house was finished about the latter part of July, 1892. On July 25, 1892, plaintiffs gave defendant the keys of the building, and about two weeks thereafter he took possession and moved his family into it. The evidence was conflicting.

The court left it to the jury to determine whether the contract had been substantially complied with, and to say what deductions if any, should be made from the contract price.

Defendant's points were among others as follows:

"2. There can be no recovery by the plaintiffs in this case under the proviso in the contract, to wit: 'That no sum shall be due to, or collectible by said contractors, under the terms of this contract, unless all work done and materials furnished shall be done and furnished in strict compliance with the plans and specifications and to the satisfaction of the party of the second part.'" Refused.

" 3. The contract between the plaintiffs and the defendant, which is the subject of controversy, is an entirety, and an action for a partial payment cannot be maintained thereon." Refused.

Verdict and judgment for plaintiff for $566.

*Errors assigned* were (1) in not entering compulsory non-suit; (2) in refusing defendant's 2d and 3d points, quoting points and answers; (3) as stated in the opinion of the Supreme Court.

*Charles A. Sullivan*, for appellant.—The contract was entire: Mining Co. v. Jones & Laughlins, 108 Pa. 55; Alcott v. Hugus, 105 Pa. 350; Quigley v. DeHaas, 98 Pa. 292; Shinn v. Bodine, 60 Pa. 182; Miner v. Bradley, 22 Pick. 457; Gill v. Lumber Co., 151 Pa. 534; 1 Parsons on Contracts, 29; Fullmer v. Poust, 155 Pa. 275; Tool Co. v. Wilson, 123 Pa. 19; Steelman v. Sites, 35 Pa. 216.

*Samuel McClay*, for appellees, not heard.—The contract was severable: Shinn v. Bodine, 60 Pa. 185; Lucesco Oil Co. v. Brewer, 66 Pa. 351; Reybold v. Voorhees, 30 Pa. 116.

There was a substantial compliance with the contract: Sticker v. Overpeck, 127 Pa. 446; Moore v. Carter, 146 Pa. 492; Bridge Co. v. Pomroy & Colony, 15 Pa. 159.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:

If anything has been settled by the uniform ruling of this court on the subject, it is that refusal to order a compulsory nonsuit is not assignable for error: Borough of Easton v. Neff, 102 Pa. 474. This sufficiently disposes of the first specification.

The second specification charges error "in refusing defendant's second and third points" for charge, both of which are recited therein. This offends against rule XXII, in that it embraces "more than one point;" and is therefore a waiver of both alleged errors. But it may be remarked, in passing, that the learned court was clearly right in refusing to affirm either of said points, and hence appellant is in no worse position by enforcement of the penalty for violation of the rule, than he would have been if each had been " specified particularly and by itself," as the rule requires.

The third and last specification is more than a manifest violation of rule XXIII, in that it not only fails to quote therein, "totidem verbis," either the defendant's "fourth point" or the court's answer thereto, as required by the rule, but, in lieu thereof, quotes a garbled extract from the second sentence of said answer, which erroneously represents the learned judge as asserting: "That Mr. McKinney has accepted the building and is using and occupying it, as is stated here, accepting it as a compliance of the plaintiffs in the performance of the contract." Aside from the fact that it entirely ignores the rule of court, the unfairness, to say the least, of thus wresting, from its proper connection in the middle of a long sentence, a clause of less than three lines, and assigning the same for error, is best shown by reading the point in connection with the entire answer thereto, thus:

"4th. The contract is the law as between the parties thereto, and if one of them sees fit not to rescind the contract by reason of its violation by the other, then its fulfillment by the latter is an obligation which the law requires him to observe and carry out; failing which, the other party may legally withhold from him the consideration money which otherwise would be due and payable by the law of the contract. *Answer:* This point is affirmed. If you are satisfied that there was such a substantial compliance with the terms of the contract on the part of the plaintiffs, that Mr. McKinney has accepted the building and is using and occupying it, as is stated here, accepting it as a compliance of the plaintiffs in the performance of the contract, then the next question is what, if any, is to be deducted from the amount of the payment due up to this point and for which suit is brought, for the value or amount of these defects, if any, existing in the work up to that point. The plaintiffs claim that admitting this mullion window was out of place, or not in the position required by the plans and specifications, yet that it was retained there, or allowed to remain there by the permission of Mr. McKinney and his brother W. O. McKinney, who was there as his agent, admittedly, in the supervision of the work. Mr. McKinney denies that he consented to its remaining there. The plaintiffs say it remained there at the permission and assent of Mr. McKinney or his brother. If it was allowed to remain there with their consent, of course he is not to be allowed any damages for its so remaining."

What was thus said by the court in answer to the point was fully warranted by the evidence. But we have quoted the entire answer not so much for the purpose of vindicating its correctness, as a properly qualified affirmance of the point, as to show the impropriety and unfairness of thus distorting the obvious meaning of the sentence, as an entirety.

We regret the necessity of thus pointedly calling attention to what appears to be a willful disregard of the rules of court.

There is no merit in either of the specifications of error; nor do we discover in the record any error that would justify us in disturbing the judgment. The case depended mainly on questions of fact which were fairly submitted to the jury under proper instructions.

Judgment affirmed.

*Contract—Building contract—Entire and severable.*

Where a building contract provides that the whole building shall be constructed for a certain sum, and that a specified sum shall be paid upon the completion of the foundation walls, a second specified sum when the roof is on, a third sum when the plastering is completed, and the balance when the house is completed, such payments are distinct and separate, and they can be sued for as they mature.

*Contract—Building contract—Question for jury.*

Where a building contract provides that no sum shall be due thereon unless all work done and materials furnished shall be in strict compliance with the plans and specifications, and to the satisfaction of the owner, it is not improper to leave to the jury to determine whether the contract has been substantially complied with, and what deductions, if any, shall be allowed, where the evidence is conflicting.

