## Rice to use *v.* Lake Township, Appellant.

*Contract—Evidence—Oral agreement—Question for jury.*

1. In an action on a contract where all the evidence as to the agreement is oral, the case must be submitted to the jury, although the evidence may not be conflicting, or in any way contradictory. In such a case plaintiff's right to recover must be submitted to the jury because the burden of proof which the law casts upon him has not been discharged until the credibility of his witnesses has been passed upon by that tribunal.

*Townships — Township supervisors — Contract — Purchase of road scraper.*

2. In an action against a township to recover the price of a road scraper, it is error to give binding instructions for the plaintiff where there was no evidence to show that the supervisors had consulted and deliberated as to the material elements of the contract, and it appears that they had kept no minute of their meeting, or of the making of the contract.

3. In such a case ratification of the contract by the township cannot be established by proof that later supervisors who had no knowledge of the agreement, had used the machine, had made inquiries as to a note that had been given to secure the purchase money, and that the township auditors had reported such a note as an outstanding debt of the defendant township.

4. It is doubtless true that a township, like every other member of a civilized society, should be required to pay its honest debts, but township officers act, not for themselves, but for the whole body of taxpayers. It is of the first importance that those who undertake to deal with such officers should not, in their eagerness to deal, allow themselves to become blinded to the fact that the public safety requires that those who deal with such officers, with the expectation of binding the municipality they represent, must see to it that the officers act within the scope of their authority and comply with the requirements prescribed by the law in order that their acts may become official and binding on their principal. Per HEAD, J.

Argued March 2, 1909. Appeal, No. 26, March T., 1909, by defendant, from judgment of C. P. Luzerne Co., March T., 1906, No. 383, on verdict for plaintiff in case of H. F. Rice to use of Jonathan Lemon v. Lake Township. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover the price of a road scraper. Before HALSEY, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $11.20. Defendant appealed.

*Error assigned* amongst others was in giving binding instructions for plaintiff.

*Granville J. Clark,* for appellant.—The township was entitled to the judgment and consideration of both supervisors as to (1) the advisability of buying a new machine; (2) the kind of a machine to buy; (3) the price to be paid, and (4) the terms of payment: Mitchell v. Kearns, 16 Pa. Superior Ct. 357–359; Machine Co. v. Washington Twp., 9 Pa. Superior Ct. 105; Scraper Co. v. Butler Twp., 24 Pa. Superior Ct. 477.

Those who deal with townships must know that the powers of supervisors are limited, and unless the supervisors act in conformity with law the township is not bound: Machinery Co. v. Old Lycoming Township, 25 Pa. Superior Ct. 156; Gibson v. Plum Creek Poor Dist., 122 Pa. 557; Cooper v. Lampeter Twp., 8 Watts, 125; Austin v. Ayr Mfg. Co., 31 Pa. Superior Ct. 356.

The contract of purchase was not ratified: Jenkins Twp. v. Yatesville Boro., 1 Kulp, 190.

*A. C. Campbell,* for appellee.—That Kocher and Adelman, the supervisors, honestly conferred with each other and fairly deliberated concerning the necessity for the purchase of a road machine, the kind of a machine, the price and the terms of payment, before they attempted to bind the township by their action in buying the machine, for which suit was brought, cannot be disputed: Wheeled Scraper Co. v. Butler Twp., 24 Pa. Superior Ct. 477; Austin Mfg. Co. v. Ayr, 31 Pa. Superior Ct. 356; Good Roads Co. v. Union Twp., 34 Pa. Superior Ct. 538.

OPINION BY HEAD, J., July 14, 1909:

The use plaintiff seeks to recover from the defendant township a sum of money which he alleges was the purchase price of a road scraper that the defendant, through its supervisors, agreed to buy from the legal plaintiff and pay therefor the sum claimed. At the time of the alleged contract, Lake Township had two supervisors. Along with his declaration, the plaintiff files what he calls a copy of the agreement of purchase. This appears, however, to be nothing more than a simple promissory note, date May 5, 1903, promising to pay to the legal plaintiff $320 on or before January 1, 1905, with interest. This paper is signed, J. W. Kocher, Supervisor Lake Township, A. R.

Adelman, Supervisor Luzerne County. The note states upon its face that the money therein mentioned was "for payment on one road machine." The present action, however, is not brought upon this note, but is founded on an alleged agreement made by the township, through its supervisors, to buy a machine and pay for it.

At the conclusion of the trial the learned court below directed a verdict for the plaintiff for the amount of his claim. All of the testimony which tended to establish such claim was oral. In such cases, even where the evidence is not conflicting or in any way contradictory, many decisions could be cited wherein it has been declared that the plaintiff's right to recover must be submitted to the jury because the burden of proof which the law casts upon him has not been discharged until the credibility of his witnesses has been passed upon by that tribunal. We need not here stop to inquire whether this doctrine has been to any extent modified by the trend of the latest utterances of the Supreme Court on the subject because, in order to affirm the action of the learned court below, we would be obliged to go further than any reasonable modification of the principle stated could carry us.

Looking at the testimony of the only three witnesses to the transaction, we are led to the conclusion not only that it is contradictory, but that as to important matters, it is confusing and obscure. The situation presented by this record is fairly described in the following language used by ORLADY, J., in Machine Co. v. Washington Twp., 9 Pa. Superior Ct. 105; "No two of the four supervisors, who participated in making the contract for the purchase of the crusher, recollect the particulars of the transaction with any degree of certainty, and we have the anomalous fact of the liability of this township depending upon the confusing statements of the supervisors in regard to their own acts while under the tutelage of the plaintiff's agent; all of which would have been avoided if they had acted at regularly convened meetings, and the township clerk . . . . had kept a record of the proceedings of the said officers open to the inspection of any person who might have occasion to search therein." In the case at bar, like the one from which we have

just quoted, no minutes of the alleged official acts of the supervisors in relation to the purchase of the road machine in question were kept.

It appears from the testimony of Rice, the legal plaintiff, who was the agent of or manager for Russell & Co., of Philadelphia, that on a certain Sunday in April, 1903, he called upon Kocher, one of the supervisors of the defendant, to inquire whether or not their township would be in the market for the purchase of a road machine. The two concluded to drive over and see Adelman, the other supervisor. Rice expressly states that he did not go there with the expectation of doing any business on that day, but merely to learn whether or not a purchase of a machine was contemplated. Both he and Kocher agreed in their statement that no contract whatever was entered into that day. They further agree that Adelman seemed to be opposed to the purchase of a new machine, and was of the opinion that the old ones then owned by the township could profitably be repaired. They still further agree that when they left Adelman on that day, the arrangement was that Kocher would make a more careful inquiry into the condition of the old machines, the probable cost of their repair, etc., and meet with Adelman at a later date. Rice never visited Adelman again. A few weeks later, however, he did return to see Kocher. The latter then told him that he and Adelman had agreed to buy a machine. On that day he ordered it, agreed on the price, fixed the time and terms of payment, and gave to Rice the note already referred to, which he then and there signed himself, and to which he affixed the name of Adelman under the authority to which we shall presently refer.

Kocher testifies that he did visit Adelman a second time, and that they then agreed to buy a machine. That Adelman then gave to him some paper in which he authorized Kocher to use his name in the purchase of the machine, and that acting upon this authority, he went on and executed the contract in the manner above stated. The paper referred to by the witness was not produced at the trial, and the evidence as to its contents is confined to what is said by Kocher and Adelman concerning it.

Adelman testifies that Kocher never visited him on the subject except on the Sunday first mentioned when he was in company with Rice. He says that he was opposed to buying a machine; "that if Mr. Kocher wanted a machine he could buy it. Then Mr. Rice said he was the agent there; wanted to know if I would sign a paper, let him use my name as supervisor if I did not want no hand in buying it. I told him I would. He drawed up the paper that day there and I signed it. As far as I can tell it was to let Mr. Kocher use my name as supervisor to buy a road machine." He further states that he knew nothing about the price of the machine until after it had arrived and was not told how or when the money was payable.

In Mitchell v. Kearns, 16 Pa. Superior Ct. 357, a bill was filed to restrain the carrying out of an alleged contract for the purchase of school books. In discussing the scope of the consultation and deliberation required by the law of public representatives who undertake to bind a township, school district, etc., by their official acts, this court said: "The kind and number of the American Book Company's books, and the prices to be paid therefor were left undetermined by the resolution. These were matters requiring deliberation, consultation and judgment, and to such action the principle applies that all the members of the board should be convened, or be afforded an opportunity to be present at the meeting at which they are to be determined, because the advice and opinions of all may be useful, though all do not unite in opinion."

If the testimony of Adelman, as above quoted, be accepted as true, it is certainly difficult to see when or where the two supervisors had consulted and deliberated as to the material elements of the contract with which it is now sought to bind the township. How could the learned court below reject this testimony or any part of it? If Adelman says that he did not know what kind of a machine was likely to be bought, what the price of it was to be, what terms of payment were to be agreed upon; what tribunal other than a jury could say that he did have such knowledge? It seems clear to us from an examination of this testimony that the learned court below fell into error in directing a verdict for the plaintiff. If the proof adduced by the

plaintiff, even when taken in its most favorable light, was sufficient if believed to show a binding contract on the part of the township, the question was for the jury under proper instructions.

Complaint is made that evidence was admitted, over the objection of the defendant, tending to show that after the machine had been delivered it was used on the township roads, not only by the supervisors who are alleged to have purchased it, but by subsequent ones, their successors in office. In Austin Mfg. Co. v. Ayr, 31 Pa. Superior Ct. 356, this court, speaking through President Judge RICE, said: "But, as supervisors have power to make such a contract they have power to ratify it, notwithstanding the irregularity of their action at the outset." To the same effect is Geiser Mfg. Co. v. Frankford Twp., 34 Pa. Superior Ct. 146.

It would seem to follow, from an application of this principle to the case in hand, that even though the original purchase of the machine was made in such an irregular and improper manner that the township could not then be considered bound, yet if the evidence would show that after the machine had arrived, after both supervisors had full knowledge of its design, size and capacity, and after both had discussed the price and terms of payment, they concluded to accept it and use it, such acts relating back to the original contract would supply what it then lacked, and the township could be fairly held to have entered into a lawful contract. Beyond this, however, we cannot see that the fact of the use of the machine by later supervisors, who knew nothing of the original contract and simply found the machine in the possession of the township when they took office, would be evidence relevant to the issue presented by the record before us. It could throw no light on the original contract, nor aid the court and jury in the determination of the real question involved.

We have already seen that this action was not founded on the note to which we have referred. It was not even offered in evidence as tending to establish an original and valid indebtedness on the part of the township. We are unable to see how the letters, written by a subsequent supervisor to the holder of that

note, could in any way bind the defendant township if it was not already bound. In such a case a new supervisor, learning of the existence of such a note, would naturally be solicitous about its payment, but any inquiries he might make along such lines we do not think could in any way injuriously affect the status of the defendant in contesting the question of its liability under the original contract. The same may be said of the auditor's report, in which the existence of this obligation is noted as an outstanding debt of the defendant township. This was but the statement of a fact of which there is no dispute, and should not, we think, be relevant to the determination of the question whether the township was liable for the purchase money of the machine or not.

It is doubtless true that a township, like every other member of a civilized society, should be required to pay its honest debts, but township officers act, not for themselves, but for the whole body of taxpayers. It is of the first importance that those who undertake to deal with such officers should not, in their eagerness to deal, allow themselves to become blinded to the fact that the public safety requires that those who deal with such officers, with the expectation of binding the municipality they represent, must see to it that the officers act within the scope of their authority, and comply with the requirements prescribed by the law in order that their acts may become official and binding on their principal.

For the reasons given, the case must go back to be tried in accordance with the principles of evidence outlined in this opinion.

Judgment reversed and a venire facias de novo awarded.