## STITZER v. HORSHAM TP.

(Circuit Court, E. D. Pennsylvania. June 27, 1910.)

No. 552.

1. JUDGMENT (§ 199*)—NEW TRIAL (§ 10*)—COMPROMISE VERDICT—NEW TRIAL —JUDGMENT NON OBSTANTE.

Where, in order to prevent a mistrial, both sides agreed that the jury might return a compromise verdict, they thereby waived the right to a new trial and to a judgment non obstante for that reason.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367–375; Dec. Dig. § 199;* New Trial, Cent. Dig. § 13; Dec. Dig. § 10.*]

2. HIGHWAYS (§ 113*)—IMPROVEMENTS—EXTRAS.

Where a contract for the improvement of a highway provided that no extra work would be allowed unless authorized in writing by the township supervisors, and that any extras allowed would be paid for at the unit prices named by the contractor in his bid unless another price should be agreed on before the extra work was done, the contractor could not recover for extra work which was neither authorized in writing nor ordered by the supervisors as a board.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 348; Dec. Dig. § 113.*]

3. HIGHWAYS (§ 113*)—SUPERVISORS—INDIVIDUAL ACTION.

The action of one or all of the supervisors of a township in contracting for extra work in the construction of a highway, acting individually, and not as a board, cannot bind the township.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 174; Dec. Dig. § 113.*]

4. HIGHWAYS (§ 113*)—CONSTRUCTION—APPROVAL OF WORK.

Where work done on a highway under a contract was estimated and approved as done, and the proportionate price thereof was fixed as the work progressed, and 80 per cent. of it paid, and there was evidence that it had been substantially completed, and it had been used continuously for public travel, the contractor was entitled to recover the balance of the price, though the work had not been formally accepted by the supervisors as required by the contract.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 349; Dec. Dig. § 113.*]

At Law. Action by James Herbert Stitzer against the Township of Horsham. On plaintiff's motion for a new trial and defendant's motion for judgment non obstante veredicto. Denied.

Ira J. Williams and Simpson & Brown, for plaintiff.
Jos. T. Foulke and J. G. Johnson, for defendant.

BUFFINGTON, Circuit Judge. This case involved a contract for the building of a new macadamized road for a township. The verdict —clearly a compromise one—was in favor of the plaintiff for $2,500, and in view of the expense and delay incident to a retrial, to say nothing of the natural unwillingness of the township to make repairs, which may be needed on the road pending the settlement of the case, we are strongly inclined to allow the present verdict to stand as rendered.

Indeed, the case is one where it is desirable on all sides that there should be an end of strife. When the jury went out the court was

satisfied, from its experience in cases of this kind, the jury would probably be unable to agree and ask to be discharged. With a view of avoiding a retrial, we called the counsel before us and said that, under the instructions we had given and from which we could not recede, the jury would likely ask to be discharged, because under those instructions they could not find a compromise verdict. In view of that contingency, both counsel agreed that if such a contingency arose the court should do as it seemed best in the way of allowing a compromise verdict to be found. The contingency did arise, and after protracted deliberation the jury reported to the court they were unable to agree, and inquired "whether we may make a compromise verdict." Wishing to avoid a retrial, and feeling counsel desired an end of the case, we answered the inquiry in the affirmative.

In view of the verdict being reached in this way, we feel that both sides have waived the right to insist on the position they now take, and the court would be justified in entering judgment on the compromise verdict. 2 Graham & Waterman on New Trials, 149, and footnote extract from Broom's Legal Maxims. But without resting on that ground, we are of opinion that the motions of the several parties should be denied. As to the plaintiff's contention that the court erred in holding that his claim for extras—save to the amount conceded by the township—should be denied, we see no reason to differ from the view we took on the trial. As to the extras allowed, the plaintiff's own letter established the unit rate of compensation therefor, for there was nothing in the proof to contradict or countervail its effect. Then, as to the necessity of having such extra work duly authorized by the township, we are clear. To hold otherwise would be to disturb the well-recognized principles established by the courts of Pennsylvania, bearing on the creation of legal liabilities by townships. The plaintiff was here dealing with a local municipality, and he was bound to take notice of the limited powers of the agents of the municipality with which he dealt. In Rice v. Lake Township, 40 Pa. Super. Ct. 344, it was said:

"It is doubtless true that a township, like every other member of a civilized society, should be required to pay its honest debts; but township officers act, not for themselves, but for the whole body of taxpayers. It is of the first importance that those who undertake to deal with such officers should not, in their eagerness to deal, allow themselves to become blinded to the fact that the public safety requires that those who deal with such officers, with the expectation of binding the municipality they represent, must see to it that the officers act within the scope of their authority, and comply with the requirements prescribed by the law in order that their acts may become official and binding on their principal."

Now the involved contract in the present case provides:

"No extra work will be allowed unless authorized in writing by the township supervisors and any extras allowed will be paid for at the unit prices named by the contractor in his bid unless another price should be agreed upon before the extra work is done."

The extra work sued for was neither authorized in writing nor was it ordered by the action of the supervisors as a board. This extra work was not mere incidental ministerial work, e. g., repair of a road that had run down, but was a matter of substance and expense, which

imposed an indebtedness, as plaintiff claimed, of substantially a thousand dollars on the township. Under such conditions the Pennsylvania decisions are clear that the action of one or even of all the supervisors acting individually cannot bind the township, but they must act collectively and deliberatively as a board. Thus, in Cooper v. Lampeter Township, 8 Watts (Pa.) 130, it is said:

"An implied assent, which would bind a private corporation, does not, I apprehend, apply to a public trust. Those who deal with such agents must take care to have the express consent of all to whom the law has intrusted the transaction of the public business. The inhabitants of the township whose interest must be protected have a right to the counsel and judgment of all to whom such trusts are committed."

In Machine Co. v. Washington Township, 9 Pa. Super. Ct. 108, that court, speaking of an outlay of $700 for a road machine, said:

"The judgment and discretion to be applied to the purchase of a machine of the value of $700, its material, construction, and efficiency, the business judgment required in providing for its payment, without disturbing the usual rates and levies of the township, place this act clearly within the deliberative duties of the officers."

As is aptly stated by the learned trial judge:

"It is only by meeting regularly in session that there can be that deliberative consideration which the law expects and requires. A result reached in a way which does not afford to each individual member of the board the benefit of the advise and judgment of every other member, at least the opportunity to get these, cannot be said to be the deliberate action of the board. What is expected is in conference a mutual interchange of views and result based upon those reached by a majority of those present."

In Union Township v. Gibboney, 94 Pa. 537, the distinction between ministerial and deliberative duties of supervisors is drawn, and it is said:

"One supervisor cannot bind the township for performance of a contract, the propriety of entering into which is the subject of deliberation, consultation, and judgment. All should be convened, because the advice and opinions of all may be useful, and, though they do not unite in opinion, a majority may act when there are more than two. Before constructing a new bridge, they must meet and act as a board, for this can only be done on deliberation and consultation, and with the assent of both or a majority. But the ordinary repairs of roads and bridges, and opening roads authorized by the court of quarter sessions, are classed with ministerial duties, and may be performed by one. Cooper v. Lampeter Township, 8 Watts (Pa.) 125. The court say: 'It is conceded that one supervisor cannot levy a tax to pay the debts contracted and expenses incurred in the township. The consent of both is required, because it is a deliberative and not a ministerial duty. For the same reason such contracts cannot be made by less than a majority of the board, as this would enable the one to involve a township in expenses which would render a tax inevitable. They are not permitted to do indirectly what they cannot do directly. When damage is done to a road or bridge by a freshet or other accidental cause, or when it needs repair from the natural progress of decay, there can be no objection to the necessary expenditure being authorized by less than a majority. This is an absolute duty, which calls neither for deliberation nor consultation.' The sound doctrine of that case has not been overruled by the later cases relied on by the plaintiffs below."

Supported by these decisions we think the jury was properly instructed that there could be no recovery for these unauthorized extras.

As to the defendant's contention that judgment should be entered

for the defendant because it was not shown the work had been approved and accepted by the supervisors, passing by the question whether the defendant can insist on this contention when it consented to a compromise verdict, we think this motion should not be allowed. The facts are peculiar. The road, whether accepted by the supervisors or not, has been and is now used for public travel. The work as done upon it was estimated and approved as done, the proportionate price thereof fixed as the work progressed, and 80 per cent. of such price paid and the other 20 withheld until completion. Moreover, there was testimony, which, if believed, tended to prove the work had been substantially completed. In view of these disputed questions, we cannot say, as a mere question of law, that the absence of an acceptance of this road by the supervisors was an absolute bar to the plaintiff's recovery. The question of performance was for the jury. Crawford v. McKinney, 165 Pa. 605, 30 Atl. 1045; Elizabeth v. Fitzgerald, 114 Fed. 548, 52 C. C. A. 321.

On the whole, therefore, we have reached the conclusion that substantial justice was done in the case, and that both parties will be gainers by an acceptance of this verdict.

The several motions are therefore discharged, and, in view of the possible absence of counsel for vacation, the clerk is directed in 30 days hereafter to enter judgment for the plaintiff on the verdict.