## Commonwealth *v.* Camwell, Appellant.

*Criminal law—Embezzlement—Evidence—Act of April 23, 1909, P. L. 169.*

An assignment charging error in refusing a motion to quash an indictment will be dismissed, where the reasons mentioned in the assignment are different from those advanced in the court below. A trial court cannot be convicted of error upon matters not presented to it when the motion to quash was made.

It cannot be objected in error, or on demurrer or in arrest of judgment, that two or more offenses of the same nature, on which the same or similar judgments are given, are contained in different counts of the same indictment. Defendant's remedy was by a proper motion to quash, or to require the Commonwealth to elect upon what counts it would proceed.

Under the provisions of the Act of June 26, 1895, P. L. 374, "all persons sentenced to simple imprisonment, for any period of time shall be confined in the county jail where the conviction shall take place."

Where a defendant was sentenced by the court for several violations of the Act of April 23, 1909, P. L. 169, to imprisonment in the Western Penitentiary, the record will be remitted for sentence in conformity with the statute, viz: to simple imprisonment in the county jail where the conviction took place.

Argued November 15, 1926. Appeal No. 94, April T., 1927, by defendant from the judgment and sentence of Q. S. Beaver County, March T., 1926, No. 99, in the case of Commonwealth of Pennsylvania v. Mary D. Camwell. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

340　COMMONWEALTH *v.* CAMWELL, Appellant.

Statement of Facts—Opinion of the Court.　[89 Pa. Superior Ct.

Indictment for embezzlement in violation of the Act of April 23, 1909, P. L. 169. Before McConnel, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, refusal to quash indictment, charge of the court and in sentencing the defendant to imprisonment in the Western Penitentiary.

*D. A. Nelson,* and with him *Richard S. Holt,* for appellant.

*F. G. Moorhead,* and with him *J. Blaine McGoun,* District Attorney, *J. G. Marshall* and *W. F. Shutte,* for appellee.

Opinion by Cunningham, J., December 15, 1926:

Appellant was convicted and sentenced by the court below for several violations of the Act of April 23, 1909, P. L. 169. By the first section thereof it is enacted ''That any........teller, bookkeeper, clerk, employe......of any......trust company........ who shall embezzle, abstract, or wilfully misapply any of the moneys, funds, or credits of such institution...... with intent......to injure or defraud such institution, or any other company, body politic or corporate, or any individual person......shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine of not less than five hundred dollars nor more than five thousand dollars, and undergo imprisonment for not less than six months nor more than five years, or either or both, in the discretion of the court.''

The indictment to which she was called upon to plead contained sixty-three counts, in each of which

it was charged that she, being a bookkeeper, clerk, teller and employe of the Midland Savings and Trust Company, incorporated under the laws of this Commonwealth, did embezzle, abstract and wilfully misapply of the moneys, funds or credits of said bank a specified sum of money (the amount thereof varying in each count) by the making of instruments in writing, known as "inside checks," upon the School Savings Fund drawn to the order of a fictitious person, for instance, to the order of Salva Angelovich in the sum of $50.31 in the first count, and in the second count to the order of Elia Monlovich in the sum of $32.11. The counts are identical in form and differ only with respect to the amount of the check and the name of the alleged depositor to whose order it was drawn, the aggregate of the amounts charged to have been embezzled through the use of the sixty-three fictitious names being about $2600.

The jury having found the defendant "guilty as indicted" except as to counts forty-one and sixty-one, she was sentenced upon the first and second counts respectively as hereinafter more fully detailed, to pay a fine and be imprisoned. Sentence was suspended upon the remaining counts under which there was a conviction upon payment "of the amount embezzled as set forth in each of said counts." From the judgment thus pronounced we have this appeal. Counsel for appellant have filed seventeen assignments of error in this court, the first of which charges error in sentencing the defendant to imprisonment in the western penitentiary; and the second, error in overruling a motion to quash the indictment. The remaining assignments relate to alleged errors: (a) in answering defendant's points, the first and second of which points requested binding instructions; (b) in the charge; and (c) in rejecting offers of evidence in be-

half of defendant and in declining to permit further cross-examination of a witness.

Discussion of the first assignment of error will be deferred for the present.

1. By the second assignment of error the learned counsel for defendant endeavor to raise the question of the right of the Commonwealth to include the above mentioned sixty-three counts in one indictment. It is therein charged that the learned trial judge erred in refusing defendant's motion to quash the indictment "for the reason that this was a case of embezzlement and section twenty-eight of the Criminal Code required the district attorney to aver in the indictment distinct acts of embezzlement, not exceeding three, committed within the space of six calendar months from the first to the last of such acts." But an inspection of the record discloses that this was not the ground upon which the court was asked to quash. That ground as stated in the sixth paragraph of the motion to quash was that "there is no averment in the indictment that any three of the distinct acts of embezzlement were committed within the space of six calendar months from the first to the last of such acts." Obviously the court below should not now be convicted of error upon a ground that was not presented to it when the motion to quash was made. Considerable stress was laid in the oral argument upon the question of the validity of this indictment,—a question not free from difficulty if it had been properly raised. The charge is embezzlement by a clerk, etc., in the employ of another, and the twenty-eighth section of the Criminal Procedure Act of March 31, 1860, P. L. 427, 437, provides that "It shall be lawful in cases of embezzlement by clerks, servants or other persons in the employ of another, to charge in the indictment, and proceed against an offender for any distinct acts of embezzlement, not exceeding three, which may have been committed

by him against the same master or employer, within the space of six calendar months, from the first to the last of such acts'' etc. In the Report on the Penal Code, 44, (Purdon's Digest, 13th Ed., 1036, note,) it is stated that ''the provisions of this section are necessary for preventing the .difficulties that may be hereafter experienced in the prosecution of the various fraudulent embezzlements prescribed against by the 'act to consolidate, revise and amend the penal laws of this Commonwealth,' and particularly by the one hundred and seventh section thereof against such embezzlement by clerks, servants, and other persons in the employment of others.'' Defendant was not indicted under said one hundred and seventh section, a violation of which is a felony, but under legislation based upon and growing out of the one hundred and sixteenth section, which makes the embezzlements therein defined misdemeanors. The view of the trial judge, expressed in his opinion refusing to arrest the judgment or grant a new trial, and in several lower court decisions to the effect that the provisions of the twenty-eighth section of the Procedure Act apply only to prosecutions under the one hundred and seventh section of the Penal Code is contrary to the said Report which indicates clearly that it was intended to apply generally to ''the various fraudulent embezzlements prescribed against'' in the Penal Code.

A review and consideration of the numerous authorities upon the question of the charging of several distinct offenses of the same nature, on which the same or similar judgments may be given, under different counts in one indictment would afford but little aid in this case because of the foregoing special provision with respect to prosecutions for embezzlements committed by persons in the employment of others. ·We express no opinion upon this question of alleged mis-

joinder of counts because (1) it is not properly before us on this appeal and (2) we are satisfied that, as this appellant was sentenced only upon the first and second counts of the indictment, and as the evidence admitted under the other counts was competent, as will be shown, to support the charges contained in the first and second, she has not been prejudiced.   On the other hand, we are not to be understood as approving the form of this indictment.   The motion to quash the indictment as filed in the court below was based upon eight grounds, but the only one reviewable under the second assignment is the sixth, viz., that the indictment does not contain an averment "that any three of the distinct acts of embezzlement were committed within the space of six calendar months from the first to the last of such acts."   As a matter of fact it is averred in each of the sixty-three counts of the indictment that the specific offense charged therein was committed on the first day of March, 1926, which date, as we understand the matter, was the first day of the term of the Court of Quarter Sessions of Beaver County at which the indictment was found.   The practice of laying the first day of the term at which the indictment is found as the date of the commission of the offense therein charged and then permitting the Commonwealth to show that it was actually committed on any previous date within the statutory period is not unusual.

An inspection of the information discloses that the embezzlement charged in the first count was alleged to have been committed on November 24, 1924, that in the second count on December——, 1924, and the one in the third count on January 24, 1925.   With respect to these three counts no just complaint could be urged against this indictment.   We are of opinion that the defendant was not prejudiced by the admission of evidence tending to show that on numerous dates dur-

ing the year 1925 she committed other similar acts of embezzlement by the same means, namely, the drawing and cashing of "inside checks" in the names of other fictitious persons. Her motives and intentions were material to the inquiry as to her guilt or innocence of the offenses charged in the first three counts, and, for the purpose of throwing light upon her motives and intentions, it was competent for the Commonwealth to prove anything she did in dealing with the same subject matter, to wit, the handling of the. funds in question, which contributed to the same specific purpose. A material inquiry was whether the acts properly charged against her in the indictment were innocent mistakes or the result of mere negligence, or whether they were part of a general scheme and design adopted by her for the purpose and with the intent of defrauding her employer: Commonwealth v. Valverdi, 218 Pa. 7, affirming the judgment of the Superior Court, 32 Pa. Superior Ct. 241.

The second assignment is accordingly overruled.

2. Referring to the assignments based upon the answers of the trial judge to defendant's points for charge we note that the third assignment charges error in refusing to affirm defendant's second point, reading as follows: "The indictment charges more than three distinct acts of embezzlement, and for that reason the verdict must be not guilty." This, of course, was not a proper subject matter for instructions to the jury. "It is well settled that it cannot be objected in error, or on demurrer or in arrest of judgment that two or more offenses of the same nature on which the same or similar judgment may be given are contained in different counts of the same indictment:" Commonwealth v. Gouger, 21 Pa. Superior Ct. 217, 232, and cases there cited. Appellant's remedy here, if she had any, was by motion to quash or to require the Commonwealth to elect upon what counts it would

proceed. As we have seen, the motion to quash did not raise the question sought to be assigned for error. In addition to the motion to quash counsel for defendant did move that, if the court should be of opinion that the indictment should be sustained, then "the Commonwealth's attorney be required and compelled to elect under which count in said indictment the Commonwealth will proceed to trial." This was a proper motion. In Commonwealth v. Gillespie et al., 7 S. & R. 469, the indictment consisted of nine counts charging various offenses with respect to the sale of lottery tickets, and it was there held that it is no objection either on demurrer or in arrest of judgment that several distinct offenses of the same nature are joined in the same indictment; that even in case of felony, though it be true that no more than one offense should regularly be charged in one indictment, the court would quash the indictment before plea, or, if at the trial the court should think it might confound the prisoner, they may exercise a discretion in compelling the prosecutor to elect on which charge he will proceed. In the present case, however, the refusal of the trial judge to grant the motion to compel an election is not assigned for error. What we have already said about the absence of a prejudicial effect upon the rights of appellant through the overruling of the motion to quash applies equally to the action of the court upon this motion. In Henwood and Arney v. Commonwealth, 52 Pa. 424, it is held that the rule as to the misjoinder of counts in an indictment rests on a technicality which will not be permitted to stand in the way "when the interest of the defendant is not jeoparded," and that where a sentence is passed upon a valid count the "misjoinder previously existing is thereby tolled or remitted." See also Commonwealth v. Dudley, 46 Pa. Superior Ct. 337.

In the eighth assignment it is averred that the

court below erred in refusing to affirm the defendant's first point "that under the law and the evidence the verdict must be not guilty." The learned trial judge was clearly right in refusing this point. The question of the guilt or innocence of the defendant under all the evidence was for the jury. Some of the material facts disclosed by the evidence were that the defendant, an experienced bank bookkeeper, was employed by the Midland Savings and Trust Company in July, 1924, and assisted in handling the account known as the School Savings Fund until some time in April, 1925, when she was given entire charge of this account, and at certain times during the day had access to the cash in the bank while aiding the paying teller in the performance of his duties. Without going into unnecessary details it will be sufficient for the disposition of the assignments in this case to say that this fund consisted of the deposits made by school children, through their teachers, in the bank, and that the usual method of withdrawing funds thus deposited was to have the child, accompanied by its parent or guardian, present its pass book and a withdrawal check, usually prepared by its teacher, whereupon it became the duty of defendant to prepare what was called an "inside check" drawn to the order of the child, which check was required to be presented for payment within thirty minutes at the paying teller's cage. No endorsement of these "inside checks" was required.

When defendant came to the bank as an employe this account was only eighty-six cents out of balance. The evidence indicates that in September, 1925, the defendant reported that a trial balance showed the account to be short some $253. In November, 1925, representatives of the Banking Department of the Commonwealth made an examination of this bank and found a shortage of approximately $5300 in this account. The Commonwealth contended, and there was

evidence to support its contention, that at least $2500 of this shortage was due to the fact that the defendant had embezzled and abstracted that sum by drawing the sixty-three inside checks set out in the indictment to the order of fictitious persons, without withdrawal checks or pass books to support them, and upon alleged accounts which had no existence in this fund, and then cashing them herself as she had opportunity when working in the paying teller's cage. The defendant admitted that these checks were all made out by her and that she did not attempt to ascertain from the records in the bank whether the persons to whose orders they were drawn had balances on deposit, but contended that in each instance a pupil brought in a pass book, or some official of the bank handed her a pass book and a withdrawal slip and told her to make out the checks. The jury was carefully instructed that, if they found the shortage arose ''simply from a mistake, or from an oversight, or by reason of the fact that this defendant was so busy that she could not keep the records of this bank in proper shape...... and made mistakes, or perhaps was careless, that would not make her guilty of any of the charges contained in this indictment.'' We have examined all the remaining answers to points, and the qualifications thereto covered by the assignments, and, finding no substantial error therein, dismiss assignments eight to thirteen, inclusive.

3. Considering the charge as a whole, it is apparent that it was adequate and impartial and that the trial judge refrained from indicating to the jury in any way what, in his opinion, their verdict should be. When the excerpts assigned for error are read in the light of the entire charge and the answers to defendant's points, we are satisfied that no reversible error was committed. Accordingly, assignments four to seven, inclusive, and fourteen, all relating to the

charge, are dismissed. The effect of the evidence as a whole upon the mind of the trial judge was stated by him in his opinion refusing a new trial thus: ''But the court was thoroughly satisfied that from that evidence the defendant ought to have been convicted, and a verdict of not guilty would have been contrary to the overwhelming evidence in the case.''

4. We are not persuaded that it was error to exclude the testimony referred to in assignments fifteen and sixteen which was offered for the purpose of showing that some children had made deposits in the fund who were not pupils in the schools and for the purpose of showing that some confusion existed in the keeping of the records of the School Savings Fund. · This evidence was neither relevant nor material to the issue arising under the indictment which was whether the defendant had embezzled the specific sums of money in the manner therein charged. This observation is equally applicable to the seventeenth assignment which charges error in sustaining the objection of the Commonwealth to further cross-examination of the bank examiner with respect to what had become of the difference between the total amount of the shortage found by him and the aggregate amount of the checks alleged by the Commonwealth to have been fraudulently drawn by the defendant: She was not charged with responsibility for the disappearance of this difference but only with the embezzlement of the amounts specified in the indictment. Assignments fifteen, sixteen and seventeen are therefore overruled.

5. The remaining assignment requiring discussion and disposition is the first in which it is alleged that the court below erred in pronouncing sentence upon the first and second counts of the indictment (the only counts upon which sentence was imposed) in that it was directed that appellant, in addition to paying the fine and costs specified, should be imprisoned in the

western penitentiary for a term of not more than five years nor less than two and one-half years upon each count, the sentence upon the second count to begin at the expiration of the prison term imposed under the first count. The place of confinement for defendants convicted of crimes in this Commonwealth is prescribed by the seventy-fourth and seventy-fifth sections of our Criminal Procedure Act of March 31, 1860, P. L. 427, 449, as amended by the Acts of February 28, 1905, P. L. 25, amending said seventy-fourth section, and of June 26, 1895, P. L. 374, amending said seventy-fifth section. With respect to this case it is only necessary to say that under existing legislation "all persons sentenced to simple imprisonment for any period of time shall be confined in the county jail where the conviction shall take place": Act of June 26, 1895, supra; Report on the Penal Code, 54, Pennsylvania Statutes (West) Section 8222. No special act of assembly changing this rule with respect to sentences in Beaver County has been called to our attention. By Section 116 of the Penal Code of March 31, 1860, P. L. 382, 411, embezzlement by officers or directors of banks and other corporations was made a misdemeanor and by Section 121 the punishment provided was "imprisonment not exceeding two years," etc. The Act of June 12, 1878, P. L. 196, inter alia, supplemented, amended and extended this Section 116 to include employes, etc., of banks, and in the fifth section provided that every person convicted under the terms thereof should be sentenced "to pay a fine not exceeding one thousand dollars, and to undergo an imprisonment by separate or solitary confinement at labor not exceeding six years." The act of 1909, supra, under which this prosecution was instituted, was manifestly designed to bring our legislation relative to offenses committed by officers, employes and agents of state banks and trust companies, incorpo-

ated under the laws of this Commonwealth, into harmony with the federal enactments upon the same subject. It partially supplies certain sections of the Acts of 1860 and 1878, supra, and expressly provides that a violation of its provisions shall be a misdemeanor and that any person convicted thereof "shall be sentenced to pay a fine of not less than five hundred dollars nor more than five thousand dollars, and undergo imprisonment for not less than six months nor more than five years, or either or both, in the discretion of the court." The punishment here prescribed is "simple imprisonment" within the meaning of the seventy-fifth section of our Criminal Procedure Act, as amended by said Act of 1895, and it follows that the legal place of confinement is the county jail: Commonwealth v. Barge, 11 Pa. Superior Ct. 164; Commonwealth v. Fetterman, 26 Pa. Superior Ct. 569; Commonwealth v. Lewis, 29 Pa. Superior Ct. 282; and Commonwealth v. Morura, et al., 75 Pa. Superior Ct. 22.

The suggestion in the brief for the Commonwealth that the sentence may be sustained under Section 36 of the Act of May 1, 1861, P. L. 503, 515, which is a supplement to the Act of March 31, 1860, P. L. 459, providing a system for the establishment of "banks of discount, deposit and circulation" in Pennsylvania, and which section provides for confinement in the penitentiary at hard labor as the penalty for embezzlement by officers or employes of such banks, is not tenable for several reasons. These Acts of 1860 and 1861 are supplied by the Act of May 13, 1876, P. L. 161, providing for " the incorporation and regulation of banks of discount and deposit," the 19th Section of which specifies "imprisonment at separate and solitary confinement" for embezzlement by officers or employes of "any corporation under this act." The Midland Savings and Trust Company was not incorpo-

rated under this Act of 1876, but, as appears from its charter in evidence, as a trust company under Section 29 of the Act of April 29, 1874, P. L. 73, 84. Moreover, it is perfectly clear that this indictment was drawn under the Act of 1909, supra. This assignment of error must be sustained and the sentence of appellant to the penitentiary set aside. This conclusion however does not require anything further than a reversal of the sentence without affecting in any way the trial and conviction, Commonwealth v. Barge, Commonwealth v. Lewis, Commonwealth v. Morura, supra, and under the circumstances we deem it proper to remit the record for sentence in conformity with the statute. The first assignment of error is sustained and all other assignments overruled.

The sentence of the Court of Quarter Sessions in this case is reversed and set aside and the record is remitted to the said court with direction to proceed to sentence the defendant anew in due order and according to law.